Joe T. ROBERTS and wife, Nellie C. Roberts, Appellants,

v.

FUQUAY-VARINA TOBACCO BOARD OF TRADE, INC., et al., Appellees.

No. 9264.

United States Court of Appeals Fourth Circuit.

Argued April 22, 1964.

Decided May 14, 1964.

**522**

Edgar R. Bain and Robert B. Morgan, Lillington, N. C. (Wilson & Bain, Lillington, N. C., Lake, Boyce & Lake, and Dr. I. Beverly Lake, Raleigh, N. C., on brief), for appellants.

Francis E. Winslow, Rocky Mount, N. C. (Battle, Winslow, Merrell, Scott & Wiley, Rocky Mount, N. C., Gholson & Gholson; A. W. Gholson, Jr., Henderson, N. C., and Thomas A. Banks, Raleigh, N. C., on brief), for appellees.

Before SOBELOFF, Chief Judge, and BRYAN and BELL, Circuit Judges.

PER CURIAM.

The District Court refused to enjoin the promulgation and effectuation of a plan adopted by the Fuquay-Varina Tobacco Board of Trade, Inc., appellee, for the distribution of the selling time among the warehousemen on its market in eastern North Carolina. The injunction was sought at the suit of appellant Joe T. Roberts, a member of the Board of Trade, on the assertion that the plan would effect an unreasonable restraint of trade violative of the Federal antitrust laws. The action was begun in June 1963 and by reason of the denial of the injunction and the lapse of time during appeal, the plan was operative in 1963. The complaint, and this appeal too, seek nullification of the plan for the future.

The Board of Trade is an agency created by the North Carolina statutes, G.S. 106–465, to provide for the orderly sale of flue-cured tobacco on the warehouse floors of the Fuquay-Varina market. The questioned plan is generally denominated the experience or performance plan. The operation of a tobacco market and the plan adopted by the Board have been detailed in the opinion rendered by us in The Danville Tobacco Association v. Bryant-Buckner Associates et al., 4 Cir., 333 F.2d 202, 1964. As the issues there are akin to the instant controversies and we make a similar decision here, we advert to that opinion for an exposition of the mechanics of both the market and the plan.

The circumstances and the present record do not justify a holding that the execution of the plan in 1963 constituted an antitrust offense. We affirm the order refusing the injunction in the 1963 season. For the reasons stated in the opinion in the Danville Association case we temporarily suspend the order on review insofar as it may approve the enforcement of the plan in 1964. Meanwhile, we remand the case to the District Court with directions to request the Federal Trade Commission to consider, and report to the Court upon, the legality and feasibility of the present plan or such other plan as the Commission may deem requisite to keep the operations of the market within antitrust bounds. But if the Commission does not complete its study and report by the time of the inception of the 1964 selling season, we do not think the proposed plan is so clearly an unreasonable restraint of trade as to warrant the District Court in barring its use.

The District Court will retain jurisdiction of the action for such further orders as may be necessary in the disposition of the cause. Costs thus far incurred in the District Court and here will be assessed against the appellants.

Affirmed in part and remanded with directions.